# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 5076 | DATE | 7-5-2012 |
| CASE TITLE | United States of America ex rel. Christopher A. Harris, Sr. (M13843) vs. Warden Nedra Chandler, Dixon Correctional Center | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The five dollar filing fee is waived. The petition for a writ of habeas corpus (Dkt. No. 1) is denied. Petitioner's motion for a directed verdict (Dkt. No. 4), and any other pending motions are denied as moot. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Clerk is instructed to enter a judgment in favor of respondent against petitioner. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se petitioner Christopher A. Harris, Sr., a Dixon Correctional Center inmate, has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner was convicted of aggravated criminal sexual assault in the Circuit Court of Cook County. Pending before the Court are petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), an initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and petitioner's motion for directed verdict. (Dkt. No. 4).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted because he is impoverished. The five dollar filing fee is waived.

Turning to the initial review of the petition, Rule 4 requires the Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, the Court orders respondent to answer or otherwise respond to the petition.

Petitioner claims that he has been held beyond the completion of his prison sentence and is entitled to his immediate release. He concedes that he has not fully exhausted the claim to the Illinois courts, but argues that he should not be required to do so because he is entitled to his immediate release.

Petitioner's argument is incorrect. Exhaustion is only excused when the state court process is unavailable or otherwise ineffectual at protecting his rights. 28 U.S.C. § 2254(b)(1); *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000). Every prisoner raising a habeas corpus petition is claiming that he is being held unlawfully and entitled to his immediate (or earlier) release. Petitioner is no different in this regard. If petitioner's view of exhaustion was the law, there would be no exhaustion requirement at all. There is no

indication that the Illinois courts are unable to provide petitioner relief for his claim. However, as the present habeas petition is clearly meritless, the Court shall dismiss on the merits instead of petitioner's failure to exhaust his available state court remedies. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Moving to the merits of the habeas corpus petition, petitioner challenges the calculation of the date for his release from prison. He entered custody on July 25, 2009. (Dkt. No. 1 at 9). He was sentenced to seven years of imprisonment, and may accrue four and one half days of good conduct credit while serving his sentence due to the nature of his crime. 730 ILCS 5/3-6-3(a)(2)(ii). This means that petitioner faces a prospect of serving at least 85% of his sentence in prison. Assuming that petitioner behaves in prison and earns all possible good conduct credit, the Illinois Department of Corrections (IDOC) projects that he will be released from prison and placed onto mandatory supervise release (MSR) (a form of parole) on July 7, 2015. (Dkt. No. 1 at 9). If he earns no good conduct credit, petitioner would be released on July 25, 2016, the full seven years after his entry into custody. Petitioner also has to serve a three year MSR term following his release from prison. If released from prison in July 2015, his MSR term would not expire until July 2018.

Petitioner calculates his release date differently. He reduces his sentence immediately by 15% (believing that he is only required to serve 85% of his sentence) thus backing his sentence completion date from July 25, 2016 to July 7, 2015. Furthermore, he claims that the three year MSR term is part of his seven year sentence instead of an additional requirement. (Dkt. No. 1 at 4). Subtracting the three year MSR term, petitioner believes that he should be released from prisoner and placed onto MSR on July 7, 2012. (*Id.*). He also reference a 90 days of good conduct credit he believes he is also entitled to receive. (Illinois had previously awarded 90 days of meritorious good conduct credit but eliminated the program in 2010). (Dkt. No. 1 at 22). With the 90 day credit, petitioner asserts that he should have been released from prison and placed onto MSR on April 7, 2012. Without the 90 day credit, petitioner's self calculated release date is July 7, 2012.

Petitioner's present federal habeas corpus petition can be summarized as a disagreement over the application of Illinois sentence laws. The IDOC believes that he must earn his good conduct credit and then must serve the MSR term in addition to the seven year sentence. In contrast, petitioner's believes that good conduct credit immediately accrues capping him at 85% of his seven year sentence. He further reduces his seven year sentence through his MSR term. The Court is not authorized to resolve this state law dispute in a federal habeas corpus petition. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) ("[A]n error in the interpretation of [] Illinois['s] . . . sentencing rules[] does not present a cognizable claim for habeas relief."). Furthermore, even if a federal habeas corpus court could address state law matters, this Court would still be bound by Illinois's own its interpretation of its state law. *McCloud v. Deppisch*, 409 F.3d 869, 875 (7th Cir. 2005).

Petitioner's belief that he should serve a portion of his seven year sentence in the community on MSR also fails to raise a congizable federal claim. There is no constitutional right to parole and Illinois has not created a liberty interest. *Woodruff v. Ryker*, No. 08 C 1149, 2011 WL 3859767, at *2 (C.D. Ill. Sept. 2, 2011) (citing *Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1026 (7th Cir. 1998)). So petitioner's view that he is wrongfully incarcerated beginning on July 7, 2012 instead of being placed onto MSR is not grounds for federal habeas corpus relief.

Finally, even if the Court could decide the Illinois law issue in the first instance, it would find

| STATEMENT |
|---|

petitioner's arguments to be meritless. Petitioner was sentenced under Illinois "Truth in Sentencing" statute requiring him to serve at least 85% of his sentence in prison. *Illinois ex rel. Ryan v. Roe*, 778 N.E.2d 701, 704 (Ill. 2002). Illinois's correctional statute traditionally allows a prisoner to earn one-day of good time credit for every day successfully served. *Id.* at 703. A proper behaving prisoner has the ability serve only 50% of his sentence in prison under Illinois "day for day" good conduct framework. In contrast, prisoners, like petitioner, who commit more serious crimes, are not eligible for "day for day" good conduct credit, and must serve at least 85% of their sentence in prison under Illinois's Truth in Sentencing law. *Id.* Petitioner's alternative sentence calculation with its July 7, 2012 release date would result in him serving less than 45% of his sentence in prison. This conflicts with the requirements of Illinois's Truth in Sentencing statute that he serve at least 85% of his sentence in prison.

     Petitioner also misunderstands the 85% principle at issue in the case. He can earn good conduct credit totaling no more than 15% of his sentence so that he serves at least 85% of his sentence in prison. But, he must earn the good conduct credit for good behavior each month he serves his sentence. *Illinois v. Lindsey*, 771 N.E.2d 339, 412 (Ill. 2002). The Illinois statute, 730 ILCS 5/3-6-3(a)(2)(ii), speaks of a prisoner earning good conduct credit on a monthly basis. The IDOC's present July 7, 2015 release date from prison is simply a projected release date should petitioner earn all possible good conduct credit. Petitioner's view that he is entitled to the full benefit of all good conduct credit immediate conflicts with both the plain language and purpose of the good conduct statute. Petitioner is improperly attempting to give himself a credit for good conduct credit he has not yet earned.

     Finally, MSR cannot be included in the prison term as petitioner suggests. MSR is served following a release from prison, petitioner wrongfully conflates it with the portion of his sentence that he must serve in prison. 730 ILCS 5/5-8-1.

     The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability).


FILED 2012 JUL -5 AM 12:19 U.S. DISTRICT COURT