# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 5076 | DATE | JUL 31 2012  Jul 31, 2012 |
| CASE TITLE | United States of America ex rel. Christopher A. Harris, Sr. (M13843) vs. Nedra R. Chandler | | |

## DOCKET ENTRY TEXT

Petitioner's Rule 59(e) motion (Dkt. No. 8), is denied.

*Suzanne B. Conlon*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se petitioner Christopher A. Harris, Sr., an Illinois Department of Corrections inmate, has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner challenges the calculation of his prison sentence. The Court dismissed the petition holding that it did not raise a cognizable federal law issue as the calculation of a sentence is an issue of state law. (Dkt. No. 6). (The Court also noted that petitioner's arguments misunderstood Illinois law).

Petitioner now moves for reconsideration of the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. No. 8). Petitioner's first argument is proper under Rule 59(e) and does not implicate the limitations on second or successive habeas corpus petitions, 28 U.S.C. § 2244(b), because petitioner is challenging the Court's dismissal ruling and does not raise a new claim. *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). However, the second argument is barred on the second or successive ground (and it is also wrong on the merits) because it is raising a new claim for the first time in the Rule 59(e) motion.

Turning to the first argument that is not prohibited by the second or successive bar, to succeed with the Rule 59(e) motion, petitioner has the burden of showing that the Court committed a manifest error of law or fact. *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). Petitioner argues that the Court improperly determined that he must serve at least 85% of his sentence under Illinois and may only earn 15% good time credit. He argues he is able to earn up to 50% good time credit (what is referred to as "day for day" credit). (Interestingly, in the original petition he recognized that he was required to serve 85% but has now shifted to a day to day argument). The argument of how to calculate his sentence is an issue of state law as the Court explained in the original dismissal order. The present motion does not change the fact that petitioner failed to present an issue of federal law.

And petitioener's understanding of Illinois law continues to be wrong. Petitioner is required to serve at least 85% of his sentence pursuant to Illinois statute because of the seriousness of his crime. This was noted by the Court in the original dismissal order. (Dkt. No. 6 at 2 (citing 730 ILCS 5/3-6-3(a)(2)(ii)). Furthermore, petitioner continues to give himself immediate credit when the Illinois statute is clear that the credit must be earned on a monthly basis for good behavior.

Petitioner's second argument is an impermissible attempt to raise a new claim and so it is barred by 28 U.S.C. § 2244(b). Petitioner originally included the three year mandatory supervise release (MSR) term in his sentencing calculation argument. He tried to give himself credit for the three MSR period he has to serve against his seven year sentence. The Court explained that he could not lop off three years of his sentence in this fashion because MSR is served following a sentence. Petitioner faces a seven year sentence (reduced by any good conduct credit earned) plus a three year MSR term. His argument that the three year MSR term must be included in the seven year sentence is incorrect.

Petitioner has shifted to a new claim in the present motion asserting that he was not informed that he would have to serve an MSR term following his sentence. By not being informed of the MSR term, petitioner asserts that his due process rights were violated requiring the MSR term to be counted against the sentence as he wishes. But, this is an impermissible shift in claims. His original claim was that he was being forced to serve too long of a sentence. Now he is asserting for the first time in this motion that his MSR must be subtracted from his sentence because he was denied due process when he pled guilty by not being informed of MSR. Attacking the validity of his guilty plea is different from his original attack against his sentence calculation. This is an impermissible effort to raise a new claim and so the bar on unauthorized second or successive habeas corpus claims, 28 U.S.C. § 2244(b), applies.

For completeness purposes, the Court notes that this type of due process / guilty plea MSR claim has been rejected in the habeas corpus context under 28 U.S.C. § 2254(d)(1) in *Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006). If the claim had been properly raised in the original federal habeas corpus petition, the Court would have required petitioner to exhaust the claim in the state courts, and then upon his return, the claim would have been governed by § 2254(d)(1). But, the claim should not be returned to the state court in the present instance because it is barred by 28 U.S.C. § 2244(b). (The Court did not require exhaustion for the original sentence calculation claim because it was clearly meritless. (Dkt. No. 6 at 2 (citing 28 U.S.C. § 2254(b)(2)).

*Suzanne B. Conlon*